## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JENNIFER MARSICO**, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>**THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>                    Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:21-cv-401**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JENNIFER MARSICO** ("Marsico" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under the Family & Medical Leave Act (FMLA) and the federal Rehabilitation Act of 1973 ("Rehab Act"), as amended, for (1) retaliation in violation of the FMLA, and (2) disability discrimination.

## PARTIES

2.     The Plaintiff, **JENNIFER MARSICO** ("**MARSICO**") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Lee County, Florida.

3.     Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was **MARSICO**'s employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance, and employs in excess of 50 employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.     **MARSICO** began her employment with the Defendant in August 2016 as a science teacher.

7.    **MARSICO** always performed her assigned duties in a professional manner and was very well qualified for her position.

8.    **MARSICO** always received positive performance reviews until she disclosed her disabilities to the Defendant and required FMLA leave.

9.    Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

10.    **MARSICO** is a qualified person with a disability as she has an impairment of the mental/emotional system – severe depression and generalized anxiety disorder - which limits her ability to perform certain major life activities, including concentrating and working when not in remission.

11.    **MARSICO** has a history of these impairments that limits major bodily functions and several major life activities. **MARSICO**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

12.    During the 2020-21 school year, **MARSICO**'s disabilities became exacerbated to the point that she required reasonable accommodations in order to perform the essential functions of her position. This consisted of taking what the Defendant qualified as a "leave of absence," but which was really FMLA-qualifying leave.

13.    Upon returning from FMLA leave due to her anxiety and depression on February 23, 2021, **MARSICO**'s principal began quizzing her about her

depression, angrily stating words to the effect of wanting only employees who are "happy."

14.     Notwithstanding the fact that **MARSICO** had never had a poor performance review and had in fact been rated as "effective" for the 2020-21 school year, **MARSICO**'s principal decided not to renew **MARSICO**'s contract and thus terminated her employment due to **MARSICO** having taken FMLA leave for her depression and anxiety and due to her status as a qualified person with a disability.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

15.     The Plaintiff hereby incorporates by reference Paragraphs 1-14 in this Count by reference as though fully set forth below.

16.     **MARSICO** informed the Defendant of her likely need for leave for her own serious health condition.

17.     **MARSICO** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **MARSICO** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

18.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days,

absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

19. If the Defendant were to have decided that **MARSICO**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

20. The Defendant has never provided **MARSICO** with any notice disqualifying her FMLA leave.

21. In fact, the Defendant should have determined that **MARSICO** was eligible for leave under the FMLA.

22. The Defendant knew, or should have known, that **MARSICO** was exercising her rights under the FMLA and was aware of **MARSICO**'s need for FMLA-protected absence.

23. **MARSICO** complied with all of the notice and due diligence requirements of the FMLA.

24. **MARSICO** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, (b) took that leave, and (c) exercised her right to reinstatement, consistently informing the Defendant of the same.

25. A causal connection exists between **MARSICO**'s request for FMLA-protected leave and her termination from employment with the Defendant because **MARSICO** engaged in statutorily protected activity by (a) requesting

federally protected FMLA leave, (b) taking that leave, and (c) exercising her right to reinstatement.

26.    The Defendant retaliated by altering the terms and conditions of **MARSICO**'s employment by terminating **MARSICO**'s employment because she engaged in statutorily protected activity under the FMLA.

27.    The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **MARSICO**'s employment because she engaged in activity protected by the FMLA.

28.    As a result of the above-described violations of FMLA, **MARSICO** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## <u>COUNT II – VIOLATION OF THE REHAB ACT, AS AMENDED</u>

29.    Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

30.     At all relevant times, **MARSICO** was an individual with a disability within the meaning of the Rehab Act.

31.     Specifically, **MARSICO** has impairments that substantially limit one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

32.     **MARSICO** is a qualified individual with disabilities as that term is defined in the Rehab Act.

33.     **MARSICO** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

34.     At all material times, **MARSICO** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

35.     The Defendant was made aware and was aware of **MARSICO**'s disabilities, which qualify under the Rehab Act.

36.     The Defendant discriminated against **MARSICO** with respect to her terms, conditions, and privileges of employment because of her disabilities by terminating her employment.

37.     The Defendant conducted itself with malice or with reckless indifference to **MARSICO**' federally protected rights.

38.     The Defendant has failed to accommodate **MARSICO** and discriminated against **MARSICO** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

39.     The conduct of the Defendant altered the terms and conditions of **MARSICO**' employment and **MARSICO** suffered negative employment action.

40.     As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **MARSICO** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

41.     As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MARSICO** is entitled to all relief necessary to make her whole.

42.     As a direct and proximate result of the Defendant's actions, **MARSICO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees, and to return the Plaintiff to work with the reasonable accommodations she requested;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 19, 2021          **s/ Benjamin H. Yormak**
                            Benjamin H. Yormak
                            Florida Bar Number 71272
                            Trial Counsel for Plaintiff
                            Yormak Employment & Disability Law
                            9990 Coconut Road
                            Bonita Springs, Florida 34135
                            Telephone: (239) 985-9691
                            Fax: (239) 288-2534
                            Email: byormak@yormaklaw.com